UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM HOWELL

      Plaintiff,

  v.

CORRECTIONAL MEDICAL CARE, INC.
et al.

      Defendants.
_____

Civil Action No.: 6:16-cv-6117

### AFFIRMATION IN SUPPORT OF MOTION TO COMPEL RESPONSES TO DISCOVERY DEMANDS BY THE CORRECTIONAL MEDICAL CARE DEFENDANTS, AND FOR ADJUSTMENT TO THE SCHEDULING ORDER

**Elmer Robert Keach**, III, Esquire, an attorney duly licensed to practice law before the Courts of the State of New York and before this Honorable Court, hereby affirms as follows under penalty of perjury:

1. I am counsel for the Plaintiff in this action, and as such, am fully familiar with the facts and circumstances underlying this proceeding. I provide this affirmation in support of Plaintiff's Motion to Compel a response from all Defendants, with the exception of Defendant Ali, to his various discovery demands. The Plaintiff also seeks an extension of the scheduling order in this case. For the reasons that follow, the Court should grant this motion.

2. By way of background, the Plaintiff in this case has suffered life-changing and irreversible permanent injuries as a result of the deliberate indifference demonstrated to him by the Defendants in this case. At all relevant times, the Plaintiff was a detainee at the Monroe County Jail. Shortly after his admission, the Plaintiff suffered from unresolved diarrhea. The Defendants prescribed the Plaintiff what was believed to be diarrhea medication. In fact, the Plaintiff was given

1

the toxic amounts of the wrong medication, including psychotropic and cough medications. Over the course of several weeks, the Plaintiff's condition rapidly deteriorated, and he began to suffer from weakness, fatigue, chills, sweats, and extreme diarrhea. Despite observing Mr. Howell's declining condition, no medical providers made an attempt to determine what was causing these symptoms, hospitalize or send the plaintiff to a specialist.

3. Eventually, it was discovered that Mr. Howell had been given the wrong medication. Rather than immediately hospitalize the Plaintiff, his medications were merely discontinued. No effort was made to determine how Plaintiff had been effected by the toxic doses of wrong medication he had been receiving. Shortly after his medication was discontinued, the Plaintiff exhibited symptoms of complete incoherence and delirium. Despite observing these symptoms, it still took medical providers another 24 hours to hospitalize the Plaintiff, and only did so, when he lost consciousness. The Defendants also failed to inform the hospital that they had provided the Plaintiff with the wrong medication, and they spent several days trying to determine what was causing the Plaintiff's symptoms. The Plaintiff now suffers from permanent brain damage, among other injuries to various organs. The Defendants' deliberate indifference to Plaintiff's serious medical needs is obvious.

4. Now, the Plaintiff files this Motion to Compel and to modify the scheduling order. To date, only the Plaintiff and Defendant Ali have exchanged document discovery. Defendant Ali's responses to Plaintiff's discovery demands were understandably short, as he is an individual medical defendant that does not have access to the range of documents the Plaintiff is seeking. The Plaintiff recent responded to Defendant Ali's demands, providing very little information because they had not received any substantive information from Defendant Correctional Medical

Care. The remaining Defendants ("Defendants") have yet to respond to the Plaintiff and Ali's demands. Plaintiff's demands have been outstanding since July 2016.

5. A copy of the Plaintiff's Discovery Demands are attached hereto as Exhibit A.

6. As is evident from the attached emails, the Defendants have been promising to provide document responses since December 2016. These various emailed promises are summarized below:

Exhibit B    December 29, 2016

"I will check our file to ascertain whether we have anything outstanding."

Exhibit C    March 3, 2017

"Will get working on this immediately."

Exhibit D    April 3, 2017

"I'll have responses tomorrow. Will be in EBTs all day today. Thanks for your patience."

These emails are in additional to my repeated calls to the Defendants' counsel requesting compliance with the Plaintiff's discovery demands.

7. Most recently, the Defendants indicated that they would be providing responses to the Plaintiff's demands this Friday, April 28, 2017. However, given the impending deadlines to provide expert disclosures (May 1, 2017), to complete discovery (May 31, 2017) and to complete expert discovery (June 30, 2017), the plaintiff cannot justify waiting any longer. In fact, the Plaintiff should have sought the court's assistance months ago.

8. The Plaintiff notes for the Court that the failure to provide these discovery responses has interfered with the Court ordered mediation in this case. The parties initially spoke with the mediator by phone, and were scheduled to recommence the mediation after receiving discovery responses from Correctional Medical Care. As these responses were not forthcoming,

3

no meaningful mediation was conducted.  The Plaintiff will leave to the Court's discretion whether or not to require a renewed mediation.

9.     The Plaintiff does not seek costs for making this application.  They simply seek the Court's assistance to move this action forward, and an adjustment of the scheduling order.

10.    For these reasons, and those detailed in the accompanying memorandum of law, the Plaintiff respectfully requests that the Court compel all Defendants, with the exception of Plaintiff Shalid Ali, to provide responses to the Plaintiff's demands, and also modify the scheduling order to allow the parties additional time to meet the remaining pre-trial deadlines.

8.     The Plaintiff thanks the Court for its consideration of this motion.

                                  Respectfully Submitted By:

                                  /s Elmer Robert Keach, III

Dated: April 27, 2017

                                  Elmer Robert Keach, III, Esquire
LAW OFFICES OF ELMER ROBERT KEACH, III, PC
One Pine West Plaza, Suite 109
Albany NY 12205
Telephone: 518.434.1718
Telecopier: 518.770.1558
Electronic Mail: bobkeach@keachlawfirm.com