UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

WILLIAM HOWELL,

        Plaintiff,

v.                                    No. 6:16-CV-6117

CORRECTIONAL MEDICAL CARE, INC., *et. al.*,

        Defendants.

**AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST THE CORRECTIONAL MEDICAL CARE AND MONROE COUNTY DEFENDANTS**

**Elmer Robert Keach, III, Esquire,** an attorney duly licensed to practice law before the Courts of the State of New York and before this Honorable Court, hereby affirms as follows under penalty of perjury:

1.    I am the attorney for Plaintiff William Howell in this action, and as such I am fully familiar with the facts underlying this motion. I provide this affirmation in support of the Plaintiff's Motion for Sanctions against the Correctional Medical Care and Monroe County Defendants (the "Defendants"),[1] namely Correctional Medical Care, Inc., Emre Umar, Maria Carpio, Christine Ross, Anselmo Deasis, Betsy Teller, Monroe County, Patrick Flynn and Ron Harling.

2.    As detailed below, the Plaintiff previously filed a Motion to Compel production of discovery requests proffered to the above-named Defendants on July 15, 2016. The Plaintiff's Motion to Compel was filed on April 27, 2017 (Docket Number 27), with the Court directing that a

---

[1] Any further references to the Defendants do not reference Defendant Shahed Ali, who is in compliance with all discovery requests.

response be filed on or before May 23, 2017. (Docket Number 28). The Defendants filed no response, and the Court entered an order compelling the Defendants to comply with the Plaintiff's demands. (Docket Number 30) (Exhibit A). This order directed compliance with the Plaintiff's outstanding demands by July 7, 2017. The order also contained the following language: "The County Defendants are cautioned that non-compliance with court-ordered deadlines or other obligations may result in the imposition of sanctions, including the striking of their answer."

3. A copy of the Plaintiff's pending discovery demands is attached hereto as Exhibit B, and they contain both interrogatories and document requests. On June 26, 2017, the Defendants responded to the Plaintiff's interrogatories, essentially providing no information in response amid several objections. As of today's date, the Defendants have not responded to the Plaintiff's document requests.

4. The Defendants' response to the Plaintiff's interrogatories is attached hereto as Exhibit C. In response to a concise set of interrogatories, the Defendants provide the following objections: "defendants direct plaintiff to his medical records;" "this is a contention interrogatory and as such, defendants reserve their response until the completion of discovery;" "defendants object to this demand on grounds that it is vague, ambiguous, overbroad and unduly burdensome;" "defendants respectfully submit that such information is better obtained at deposition;" and "such Interrogatory calls for expert opinion." The Defendants have failed to provide any information in response to the Plaintiff's interrogatories. The Plaintiff further notes for the Court, despite the "defendants direct[ing] plaintiff to his medical records," the Plaintiff and Defendant Ali continue to await a complete copy of Mr. Howell's medical record from Correctional Medical Care. (Exhibit D – Email from Lyon to Cosgriff, July 6, 2017). This action, incidentally, was filed on February 16, 2016.

5. The Plaintiff has engaged in several attempts to have the Defendants supplement

2

their interrogatory responses to fully comply with the Court's order. Specifically, the Plaintiff repeatedly demanded that the Defendants supplement their responses to comply with the Court's order, and further detailed that all objections were waived. These emails chains are provided as Exhibits E (Emails between Keach and Cosgriff, June 29, 2017) and F (Emails between Keach and Cosgriff, July 5-6, 2017), with the relevant portions highlighted in blue, for the Plaintiff's requests, and yellow, for the Defendants' responses. In response to the Plaintiff's complaints about the deficient interrogatory responses, the Defendants detailed that "I did respond. I said 'w/o waiving' and then answered. Not sure what you're saying. Need discovery and then will supplement as needed;" "This is ridiculous, I can only answer the way that I have further discovery and then will supplement. There's nothing more I can do. You have never been in a similar situation?" (Exhibit E); "We seem to be talking about 2 different things. I am NOT saying that I'm not going to respond. I'm saying I don't have sufficient information AT THIS TIME to respond. Thus, the reason for the need for further discovery. You're completely misconstruing what I'm saying." (Exhibit F). The Plaintiff made clear their intention to … again … seek the intervention of the Court regarding these deficient responses, and has heard nothing in response.

6. The Defendants have waived any objections to the Plaintiff's interrogatories by failing to respond to them for over a year, and by failing to respond to the Plaintiff's Motion to Compel. Furthermore, the Defendants' objections to these interrogatories, assuming they are, in fact, timely, are specious. An award of sanctions is appropriate here given the cynicism and defiance reflected in the Defendants' "response" to the Plaintiff's interrogatories.

7. Relative to the Plaintiff's document requests, the Defendants have not bothered to respond, despite the Court's direction to the contrary. The Plaintiff made clear in their correspondence with Defendants' counsel that "to the extent you now object to the Plaintiff's document demands, and fail to provide these documents as ordered by the Court, a motion to

3

compel and for sanctions, including striking CMC's answer, will follow." (Exhibit F). As July 7, 2017 passed, and no document responses were received by Plaintiff's counsel, the Plaintiff contacted the Defendants and inquired about receipt of the document production. (Exhibit G) (Email Chain Between Keach and Cosgriff, July 5-11, 2017). The Defendants' response: "I'm working on it and I thank you for your patience." This answer is not satisfactory to the Plaintiff. The Plaintiff's requests for documents have been outstanding for over one year. The Plaintiff made multiple requests for this information over the course of that year, with no response. The Plaintiff was required to file a Motion to Compel production of the documents in question, again with no response from the Defendants. During the recent conference with the Court, the prospect of an extension was raised by the Defendants, with the Court detailing its concern about the time the requests have been pending, and the need to seek permission from the Court for an extension. The Plaintiff made clear to the Defendants that if they did not provide a timely response to the Court's order, a motion for sanctions would follow. In response to the Plaintiff's inquiry about compliance, the Defendants provided no assurances about a time for compliance, nor that compliance would follow without objection.

8.  The Plaintiff respectfully suggests to the Court that his counsel has been more than patient and gracious in awaiting responses to his discovery demands. There reaches a point, however, where the repeated request for courtesy reflects disrespect, especially in the face of a Court order. The Plaintiff respectfully suggests that the imposition of sanctions is appropriate here.

9.  The Plaintiff acknowledges that striking the Defendants' answer is a harsh remedy, but that is what is sought here. The course of events detailed above make clear that the Defendants' failure to respond to the Plaintiff's discovery requests is one of willfulness. They ignored the Plaintiff's requests for over a year, did not respond to the Plaintiff's Motion to Compel, ignored the Court's order, and interposed specious objections in the non-compliant interrogatory

responses that they did provide.  When the Plaintiff brought to their attention the deficient nature of their responses, they provided no assurance that full compliance would be forthcoming.  Such a response in the face of the serious allegations and harms addressed in this case reflects bad faith.  This nonchalant attitude in the face of a court order merits the imposition of a severe sanction, namely, that the answer of all Defendants except Shahed Ali should be stricken.  This is especially so given the prejudice imposed on the Plaintiff.  William Howell was severely harmed when he was given the wrong medicine by medical staff employed by Correctional Medical Care, resulting in a lengthy hospitalization for ammonia toxicity, and several recurrent bouts following his initial hospitalization.  Now, almost 18 months following the filing of this action, Mr. Howell still does not have his medical records, or any information to advance his case.  He also still does not know the improper medication he was provided by Correctional Medical Care, although his counsel suspects it was a massive and continuing overdose of Depakote.  The failure to respond to the Plaintiff's demands has also ruined the parties' ability to appropriately mediate this case, and will undoubtedly lead to more delay given that no depositions have yet been taken.

10.    Should the Court choose to consider lesser sanctions, the Court should consider precluding Correctional Medical Care from contesting the fact that Mr. Howell was provided with the wrong medication.  Regardless of what sanctions the Court imposes in its discretion, an award of attorneys' fees for having to bring this motion should be one of them.

11.    The Plaintiff thanks the Court for its consideration of this motion.

                                                     Respectfully Submitted and Affirmed By:

                                                     /s Elmer Robert Keach, III

                                                   _____

Dated:  July 17, 2017                     Elmer Robert Keach, III, Esquire
                                                   LAW OFFICES OF ELMER ROBERT
                                                      KEACH, III, PC
                                                   One Pine West Plaza, Suite 109

Albany, NY  12205
Telephone:     518.434.1718
Telecopier:     518.770.1558
Electronic Mail:  bobkeach@keachlawfirm.com

**ATTORNEY FOR PLAINTIFF**