UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM HOWELL,

                Plaintiff,

    v.

MONROE COUNTY, et al.,

               Defendants.
_____

ORDER

16-CV-6117CJS

        Plaintiff William Howell ("Howell") having filed a motion for sanctions (Docket ## 46, 63), defendants (except for Shahid Ali, N.P., against whom Howell did not seek relief) (collectively, "Defendants") having opposed the motion (Docket ## 49, 64), this Court having reviewed the parties' submissions, and oral argument having been conducted on August 21, 2018, it is hereby

        ORDERED that, for the reasons stated more fully on the record on August 21, 2018, plaintiff's motion for sanctions **(Docket ## 46, 63) is GRANTED in PART and DENIED in PART**. It is further

        ORDERED that, **on or before September 4, 2018**, in accordance with the Court's guidance during the proceedings, Defendants are directed to produce any additional documents within their possession, custody and/or control responsive to **Requests Nos. 1, 2, 3, 16, 17, 26, 40, 42 and 44** during the period specified in each request.[1] Defendants are also directed to provide an affirmation **on or before September 4, 2018**, from the person or persons with personal knowledge, sworn to under penalty of perjury, attesting that a diligent search for

---

[1] This would include any documents within the possession, custody and/or control of any of the Defendants, including Monroe County, Patrick O'Flynn, Ron Harling, Correctional Medical Care, Inc., Emre Umar, Mario Carpio, Christine Ross, Anselmo Deasis, M.D., or Betsy Teller, P.A.

documents responsive to **Requests Nos. 1, 2, 3, 16, 17, 26, 40, 42 and 44**, has been conducted, identifying the steps taken to conduct the search, and indicating whether further responsive documents were located. The affirmation shall also state whether responsive documents existed at the time the document requests were propounded but have since been destroyed. It is further

ORDERED that in accordance with the Court's guidance during the proceedings, Defendants are directed to make available for deposition, to be conducted at Defendants' expense, on a date mutually convenient to the parties, the appropriate records custodian(s) or CMC or County official(s) who participated in and/or supervised the search for documents responsive to **Requests Nos. 28 and 36**. It is further

ORDERED that Defendants[2] are directed to reimburse Howell's attorneys' fees and costs incurred in connection with his motion for sanctions **(Docket ## 46, 63)**. The parties are directed to promptly meet and confer regarding the amount of attorneys' fees and costs to be reimbursed; in the event that no agreement is reached **by September 4, 2018**, plaintiff shall file a sworn affidavit by that date attesting to the amount of attorneys' fees and costs incurred in connection with the motion. To the extent Defendants contest these amounts, they must file an affidavit in opposition **by no later than September 18, 2018**. It is further

ORDERED, that, for the reasons stated on the record, Defendants are sanctioned in the amount of $3,000.00, which they shall pay to the Clerk of the Court by no later than **September 4, 2018**.

**IT IS SO ORDERED.**

_____
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       August 22, 2018

---

[2] During the proceedings in open Court, the Court inadvertently referred to "defendants' counsel" rather than defendants.

2