UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

WILLIAM HOWELL,

        Plaintiff,

v.                                                                  No. 6:16-CV-6117 (CJS/MWP)

CORRECTIONAL MEDICAL CARE, INC., *et. al.,*

        Defendants.

---

### AFFIRMATION IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES IN ASSOCIATION FOR MOTIONS FOR SANCTIONS

**Elmer Robert Keach, III, Esquire,** an attorney duly licensed to practice law before the Courts of the State of New York and before this Honorable Court, hereby affirms as follows under penalty of perjury:

1. I am the attorney for Plaintiff William Howell in this action, and as such I am fully familiar with the facts underlying this action. Pursuant to the Order of the Court, I provide this affirmation in support the Plaintiff's application for attorneys' fees after successfully being granted sanctions against the CMC and Monroe County Defendants.

2. Pursuant to the direction of the Court, the Plaintiff conferred with the Defendants, and was unable to reach an agreement regarding this application for attorneys' fees. Consequently, the Plaintiff seeks reimbursement for attorneys' fees and expenses in the amount of $27,378.07, which includes 92.10 hours of attorney time and $ 870.57 in expenses. Attached hereto as Exhibit A is my firm's time and expense records relative to this sanctions motion, which are maintained contemporaneously in the ordinary course of business of my law office.

3. The Plaintiff is represented by two highly experienced Federal civil rights attorneys,

1

as detailed in the firm resume attached hereto as Exhibit B.  Based on case authority from this Court, the Plaintiff respectfully suggests that Elmer Robert Keach, III, an attorney with 21 years of experience, having graduated from the New York University School of Law in 1996 and having been admitted to the Bar of the State of New York in 1997, should be compensated at a rate of $350.00 per hour, and one half that rate for travel time.  The Plaintiff further suggests that Maria K. Dyson, an attorney with four years of experience, having graduated from the City University of New York School of Law in 2013 and having been admitted to the Bar of the State of New York in 2014, should be compensated at a rate of $250.00, and one half that rate for travel time.  These rates are sought pursuant to prior cases of this Court awarding similar rates in civil rights cases. *See, for example, Davis v. Shah,* No. 12-CV-6134, 2017 WL 2684100, * 2-4 (W.D.N.Y., June 22, 2017) (Siragusa, USDJ).

4. The Plaintiff acknowledges that he seeks a substantial amount of attorneys' fees from the Defendants given the significant effort his counsel has had to expend in order to gain the Defendants' compliance with multiple orders of this Court.  Counsel has had to file four motions to compel and for sanctions against the Defendants, including two motions for sanctions for which he is entitled to compensation for attorneys' fees.  The Plaintiff was required to file two substantial motions, providing the Court with dozens of exhibits, attend two court hearings in Rochester, review substantial discovery responses and a voluminous record on multiple occasions, and engage in substantial informal efforts to gain compliance.  Undoubtedly, the Defendants will complain that the hours worked are excessive.  In considering these arguments, the Court should first consider that this expenditure of effort in seeking compliance with the Court's orders was only made necessary by the patent and prolonged refusal of the Defendants to respond to discovery orders.  The Plaintiff also notes that this discovery dispute has now become a second litigation, has unnecessarily delayed this case, and has precluded the Plaintiff from taking discovery regarding the

merits of his claim.  Considering the Defendants' conduct, the Plaintiff respectfully suggests that his request for fees and expenses is reasonable, and should be granted by the Court.

5.  The Plaintiff further notes that the Defendants have not complied with the Court's most recent order.  Despite the Court's order directing production today, September 4, 2018, of additional documents and an affirmation detailing the steps taken to conduct a diligent search, the Plaintiff has received nothing from the Defendants.  The Plaintiff will wait to see if these documents have been served by mail, and if they have not been mailed, a Fourth Motion for Sanctions will follow seeking to strike the Defendants' answer.

6.  I further note for the Court that the Plaintiff is happy to continue to discuss this application for fees with the Defendants, and attempt to reach a negotiated disposition of this issue to avoid further burdening the Court's time.

Respectfully Submitted and Affirmed By:

/s Elmer Robert Keach, III

Dated:  September 4, 2018

Elmer Robert Keach, III, Esquire
LAW OFFICES OF ELMER ROBERT
  KEACH, III, PC
One Pine West Plaza, Suite 109
Albany, NY  12205
Telephone:     518.434.1718
Telecopier:     518.770.1558
Electronic Mail:  bobkeach@keachlawfirm.com

**ATTORNEY FOR PLAINTIFF
WILLIAM HOWELL**